8/27/2021 10:52 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56722456
By: Maria Rodriguez
Filed: 8/27/2021 10:52 AM

## 2021-54102 / Court: 151

CASE NO. _____

| | | |
|---|---|---|
| WILLIE PATTERSON, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| LSG TRANSPORTATION LLC and | § | HARRIS COUNTY, TEXAS |
| ROBERT O'KEEFE | § | |
| *Defendants.* | § | |
| | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff WILLIE PATTERSON complains of Defendants LSG TRANSPORTATION LLC ("LSG") and ROBERT O'KEEFE ("O'KEEFE) and would respectfully show this Court as follows:

### I.
### DISCOVERY CONTROL PLAN

Discovery in this matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

### II.
### STATEMENT REGARDING MONETARY RELIEF

Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000, and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend his Rule 47 statement of relief if necessary.

### III.
### PARTIES

Plaintiff WILLIE PATTERSON is a resident of Harris County, Texas.

1

**EXHIBIT**
**C**
_____

Defendant LSG TRANSPORTATION LLC is a domestic corporation whose principal place of business is located in Harris County and may be served at 617 The Heights Drive, Apt. K, Ft. Worth, TX 76112, through its registered agent Lawrence S. Glenn. ***Issuance of citation is requested at this time.***

Defendant ROBERT O'KEEFE is an individual and resident of Snohomis County, Washington. This Defendant may be served at 12228 5th Place West Street, Everett, WA 98204. ***Issuance of citation is requested at this time.***

#### IV.
#### JURY DEMAND

Plaintiff demands trial by jury and pay the jury fee.

#### V.
#### JURISDICTION & VENUE

The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

#### VI.
#### FACTUAL SUMMARY

On or about May 10, 2021, Defendants O'KEEFE, while operating a tractor trailer combination owned by LSG, failed to maintain the unit in proper working order which ultimately resulted in a tire popping off from the towed unit and causing Plaintiff's vehicle striking the tire. The tire subsequently impacted the bottom of Plaintiff's vehicle causing the vehicle to be lifted up from the force of the tire and abruptly jolting Plaintiff inside the vehicle which caused personal injuries to Plaintiff.

At all times relevant, Defendant LSG was the owner/possessor of the vehicle that

2

Defendant O'KEEFE was driving.   Defendant O'KEEFE was in the course and scope of his employment with Defendant LSG and was operating the vehicle with his employer's permission.

## VII.
## NEGLIGENCE

On the occasion in question, Defendant JO'KEEFE violated his duty to exercise ordinary care in the operation of his vehicle and was negligent in one or more of the following particulars:

1.    In failing to maintain  a proper lookout;
2.    In failing to control the speed of Defendant's vehicle;
3.    In failing to apply or to timely apply brakes;
4.    In failing to turn or swerve to the left or right to avoid the collision;
5.    In traveling at an excessive speed than warranted by existing road conditions;
6.    In failing to properly maintain his vehicle; and
7.    In failing to exercise ordinary care as a reasonably prudent person would have exercised under the same or similar circumstances.

Each of these acts or omissions, singularly or collectively, constituted negligence, which proximately caused the occurrence made the basis of this suit and the resulting injuries and damages to Plaintiff.

## VIII.
## RESPONDEAT SUPERIOR

At the time and on the occasion in question, Defendant O'KEEFE was an employee of Defendant LSG and at all times relevant Defendant O'KEEFE was in the course and scope of his employment for Defendant LSG.   Accordingly, Defendant LSG is responsible for Plaintiffs' injuries and damages under the doctrine of *Respondeat Superior*.

## IX.
## NEGLIGENT ENTRUSTMENT

Defendant O'KEEFE had the permission of Defendant LSG to drive the vehicle involved in the collision for the purpose of operating it on the public streets and highways of Texas and

3

thereafter, operated it with the knowledge, consent and permission of Defendant LSG. At such time, Defendant O'KEEFE was an unlicensed, incompetent or reckless driver rendering such driver unfit to safely operate a motor vehicle on the public streets and highways. Defendant LSG knew, or in an exercise of due care, should have known, that Defendant O'KEEFE was an unlicensed, incompetent or reckless driver and would create an unreasonable risk of danger to persons and property in the public streets and highways of Texas. Accordingly, Defendant LSG is responsible for Plaintiff's injuries and damages under the theory of Negligent Entrustment.

## X.
## NEGLIGENT HIRING, TRAINING & SUPERVISION

Defendant LSG negligently hired, trained, supervised, and retained Defendant O'KEEFE in his capacity as a driver, such negligence being a proximate and/or producing cause of Plaintiff's injuries and damages.

Defendant LSG was negligent for failing to use ordinary care by in one or more of the following ways:

1. In failing to properly screen, test, and qualify drivers, specifically including Defendant O'KEEFE so as to provide for the safe operation of vehicles;

2. In failing to properly train and supervise drivers, specifically including Defendant O'KEEFE so as to provide for the safe operation of vehicles such as the one involved in the occurrence in question;

3. Knowingly and negligently hiring a reckless, incompetent and/or unlicensed driver;

4. Knowingly and negligently hiring an inexperienced driver;

5. Failing to use reasonable care in recruiting and selecting employees; and

6. Failing to use reasonable care in monitoring and supervising the conduct of employees and/or independent contractors hired to perform tasks in furtherance of Defendant LSG's business.

4

## XI.
## DAMAGES

As a proximate result of Defendants' conduct, Plaintiff sustained personal injuries including the following damages in the past and in reasonable probability in the future:

1.      Medical Expenses;
2.      Physical pain and suffering;
3.      Mental anguish;
4.      Physical impairment;
5.      Lost wages and/or loss of earning capacity;
6.      Disfigurement; and
7.      Property damage and loss of use.

## XII.
## REQUIRED DISCLOSURES

Defendants, pursuant to Rule 194 of the Texas Rules of Civil Procedure, are requested to disclose to Plaintiff's attorneys, on or before 30 days after filing of the first answer or general appearance, the information or material described in Rule 194.2, 194.3, and 194.4.

## XIII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff request that Defendants be cited to appear and answer, and on final trial hereafter, Plaintiff have judgment against Defendants in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity and for such further relief to which Plaintiff is justly entitled.  Plaintiff reserves the right to amend this petition.

Respectfully Submitted,

LAW OFFICES OF

5

ANDREW PIKE PIEKALKIEWICZ

By:   */s/ Andrew Pike Piekalkiewicz*

Andrew Pike Piekalkiewicz
State Bar Number: 00789766
2100 West Loop South, Suite 818
Houston, Texas 77027
(713) 748-7453  Office
(832) 677-3221  Cell
(832) 201-8449  Fax
pieklaw@gmail.com
ATTORNEYS FOR PLAINTIFF

6